IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOSHUA JERMAINE BELL and BRITTANY NICOLE BELL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 121-180 |
| WESTLAKE PORTFOLIO MANAGEMENT, LLC, | ) ) ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiffs are proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Upon review of the complaint, the Court ordered Plaintiffs to amend their complaint within fourteen days (1) because the original complaint did not satisfy the dictates of Federal Rule of Civil Procedure 8(a) and, (2) because of the pleading deficiencies, the Court was unable to determine the claims Plaintiffs sought to bring. (See doc. no. 6.) The Court cautioned Plaintiffs that failing to submit a timely response may result in a recommendation for dismissal of this action. (Id. at 4-5.) The time to respond has passed, and Plaintiffs have not submitted an amended complaint as required by the Court's February 4, 2022 Order.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556

F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiffs' failure to file an amended complaint, or even to provide an explanation for their failure to comply with the Court's February 4th Order, amounts not only to a failure to prosecute, but also an abandonment of the case. This is precisely the type of neglect contemplated by the Local Rules. The Court cautioned Plaintiffs that a failure to submit an amended complaint would result in a recommendation for dismissal. Furthermore, because Plaintiffs are proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

In sum, the time to respond has passed, and Plaintiffs have not submitted an amended complaint as required by the Court's prior order. Therefore, the Court **REPORTS** and

**RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 1st day of March, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA